## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW R. KEEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO.   3:19-cv-69 |
| | ) | |
| SIT-CO, LLC, SIT-CO, LLC  d/b/a | ) | |
| GIGAHOMEBB and GIGAHOME,  INC., | ) | |
| | ) | |
| Defendants | ) | |

### *PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND REQUEST FOR TRIAL BY JURY*

Plaintiff, Matthew R. Keen (hereinafter "Keen"), by his counsel, and for his cause of action against the defendants, Sit-Co, LLC, Sit-Co, LLC d/b/a Gigahomebb and Gigahome, Inc. (hereinafter collectively, "Sit-Co"), states as follows:

### *I.  FACTUAL ALLEGATIONS*

1.      Keen is a resident of Terre Haute, Vigo County, Indiana.

2.      Sit-Co, LLC, Sit-Co, LLC d/b/a Gigahomebb and Gigahome, Inc. are interrelated companies and joint employers.  All are located at 4631 O'Hara Drive, Evansville, Vanderburgh County, Indiana and all are owned and operated by Mr. Tom Kolb.  Keen was employed by Sit-Co from early October 2017 until he was wrongfully terminated on or about December 20, 2017. Keen worked as a field service technician.  During his employment, the employer held itself out to Keen as being both "Sit-Co, LLC" and as "Gigahome."

3.      In his position as a field service technician for Sit-Co, Keen installed fiber optic cable at homes and businesses of Sit-Co customers for telephone, internet and/or television

1

services.

4.     At all times, Keen did good work and met all of Sit-Co's reasonable expectations.

5.     In 2016, Keen was diagnosed with multiple sclerosis.  Keen is disabled with multiple sclerosis, which is a disability under the Americans with Disabilities Act.  Moreover, the ADA's implementing regulations state that it should be easily concluded that multiple sclerosis substantially limits neurological function.  29 C.F.R. § 1630.2(j)(3)(iii).

6.     Shortly after he was hired, Keen made his Sit-Co managers aware that he suffers from multiple sclerosis.  For example, Keen needed to store his medicine at room temperature and asked Sit-Co to provide him a place to store the medicine he had to take for his multiple sclerosis.

7.     In early December 2017, believed to be on December 5, 2017, after Keen finished work and clocked out for the day, Keen was called into a meeting with one of his supervisors, Chris Lamar.  Mr. Lamar began to berate Keen for wearing sunglasses while he worked.  Lamar claimed a customer found Keen to be rude or unprofessional for wearing sunglasses.  Keen explained to Mr. Lamar that he had significant light sensitivity problems because of his multiple sclerosis and that he needed to wear sunglasses to cope with that problem caused by his multiple sclerosis.  Lamar pulled Keen from that particular installation job and assigned a different worker to perform the remainder of the installation work.

8.     From the date of that December 5, 2017 meeting forward, Sit-Co, acting through its supervisors and its owner, began to criticize Keen and to treat him negatively and differently than it treated the other field service technicians.  Finally, on December 20, 2017, Keen was terminated by Sit-Co without any reason or just cause.

9.      Keen was doing good work and his requests for accommodation to that point - wearing sunglasses for his light sensitivity and storing his medication - were quite reasonable and posed no undue hardship upon Sit-Co.

10.     Sit-Co fired Keen because of his disability and because Sit-Co did not want to accommodate Keen's disability.  Keen was more than qualified to continue his work for Sit-Co. He has a good work history.  But for Keen's known disability, Sit-Co would never have fired Keen.

11.     Keen has been significantly harmed by Sit-Co's unlawful and  discriminatory termination of his employment.  Keen is seeking all lost wages and benefits, reinstatement or front pay and benefits, all liquidated damages, all compensatory and punitive damages, including compensatory damages for mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage, and all pecuniary damages.  Keen is also seeking payment of all of his reasonable attorney's fees, costs and expenses.

12.     Keen was paid wages on an hourly basis.  Sit-Co paid Keen at the rate of Twenty Dollars ($20.00) per hour.  As part of an employee benefit plan, Keen had health insurance through a group plan with Humana.  Under the terms of his Sit-Co health insurance plan, the company paid only 20% of the premium cost and Keen, the employee, paid 80% of that cost.

13.     Keen has confirmed with Humana that his dates of coverage for this health insurance ran only from November 1, 2017 until December 20, 2017.  As stated above, December 20, 2017 was the date of Keen's termination.

14.     Keen does not believe he received any type of COBRA Notice from Sit-Co regarding cancellation of his group health insurance coverage.  This failure to provide proper

COBRA Notice caused actual and particular harm to Keen, as the cancellation of his Humana health insurance coverage rendered Keen unable to fill a prescription needed to treat his multiple sclerosis.  Without his Humana health insurance coverage to apply to the cost, this particular multiple sclerosis medication would cost Keen $1,000 or more per month.  Keen was no longer able to afford this medication without the Humana insurance coverage and the cancellation of his coverage without notice denied Keen the option of deciding to continue to make the monthly COBRA payment, which would have been significantly less than the monthly cost of his medication for his multiple sclerosis.

15.     Beginning with his first pay check on October 13, 2017 (for pay period from October, 1, 2017 to October 7, 2017), Sit-Co deducted a total of $139.43 per week from Keen's wages in the following insurance categories:

| | | |
|---|---|---|
| Dental Insurance (pre-tax) | - | $  13.73 |
| Vision Insurance (pre-tax) | - | $   2.43 |
| Health Insurance (pre-tax) | - | $123.27 |

A total of 12 of each premium payment was deducted from Keen's pay from October 13, 2017 to December 29, 2017 (78 days), covering work for pay periods from October 1, 2017 through December 23, 2017 (84 days).  Total Deductions were:

| | | |
|---|---|---|
| Dental Insurance (pre-tax) | - | $  164.76 |
| Vision Insurance (pre-tax) | - | $   29.16 |
| Health Insurance (pre-tax) | - | $1,479.24 |
| Total | - | $1,673.16 |

16.     Based upon information and belief, as many as 4 or 5 weeks of deductions were

4

taken without authorization or in way that unjustly enriched Sit-Co, the employer.  That sated, it is definitely certain deductions were no longer lawful or authorized after Sit-Co's December 20, 2017 termination of Keen's employment and its coinciding December 20, 2017 termination of Keen's Humana insurance coverage.  The December 22, 2017 and December 29, 2017 deductions were taken after termination of both employment and insurance and, relevant to the Indiana Wage Assignment Statute, were not taken by an employer from an employee's wages.

17.     Keen seeks all illegally deducted wages taken in violation of the Indiana Wage Assignment Statute, I.C. 22-2-6-2, and the Indiana Wage Claims Statute, I.C. 22-2-9.  Keen is specifically alleging that Sit-Co took deductions from his wages without fully complying with all of the conditions required under the provisions of the Indiana Wage Assignment Statute at I.C. 22-2-6-2.  Stated differently, Sit-Co violated Indiana law by taking wage deductions from Keen's pay without first obtaining a wage assignment that fully complied with all conditions required under I.C. 22-2-6-2.  Pursuant to the Indiana Wage Claims Statute, Keen seeks all unpaid and illegally deducted wages, all liquidated damages, and payment of his reasonable attorney's fees and costs.  Sit-Co's illegal deductions were intentional, reckless and not taken in good faith, particularly deductions taken from Keen's wages after Sit-Co had already canceled Keen's benefits and insurance coverage.

## II.  JURISDICTION AND VENUE

18.     This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 as Keen's claims under the ADA raise federal questions of law.  Additionally, this Court has supplemental jurisdiction over Keen's claim under the Indiana Wage Claims Statute, as that claim arises under related circumstances and common facts, including the

termination of his employment by Sit-Co.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.  More specifically, this case is properly assigned to the Evansville Division of the U.S. District Court for the Southern District of Indiana because Keen worked for Sit-Co within this division.

### III.   ADMINISTRATIVE PROCEDURES

20.     Keen originally filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission's Indianapolis Office ("EEOC") on or about March 9, 2018.  The EEOC issued Keen a Notice of Right on March 12, 2019.

21.     Separately, Keen has complied with all of the administrative procedures that are conditions precedent to the filing of his claim under the Indiana Wage Claims Statute.  Because Keen was involuntarily terminated from employment by Sit-Co, Keen's wage claim to recover illegally deducted amounts and underpaid wages arises under the Indiana Wage Claims Statute, I.C. 22-2-9.  Keen obtained a letter from the Indiana Attorney General's Office dated March 27, 2019 which permits his attorney to file this wage claim on Keen's behalf as the Indiana Attorney General's "designee."

### IV.  STATEMENT OF CLAIMS

#### A.  Americans with Disabilities Act Amendments Act of 2008 Claims

22.     Keen incorporates herein by reference paragraphs 1 through 21 above.

23.     Sit-Co knowingly and intentionally discriminated against Keen in violation of the Americans with Disabilities Act Amendments Act of 2008.

24.     Sit-Co's violations of Keen's ADA rights included, but are not limited to, the

following:

    a.    Failing to reasonably accommodate Keen's known disabilities; and

    b.    Discriminatory termination of Keen from employment based upon his known disabilities.

25.    Sit-Co (including Sit-Co, LLC, Sit-Co, LLC d/b/a Gigahomebb and Gigahome, Inc. as a joint employer) is an employer as defined under the ADA, with fifteen or more employees working for it at all times relevant to this cause of action.

26.    In this case, Sit-Co's decision to terminate Keen based upon Keen's known disabilities violates the ADA's prohibition against disability discrimination in employment decisions.

27.    Keen is a qualified individual with a disability who is capable of performing all essential functions of his own job, field service technician, with or without reasonable accommodation.  Keen is expressly asserting and alleging that his multiple sclerosis is an actual disability that substantially limits him in one or more major life activities, including, but not limited to, his neurological function.

28.    Additionally, Sit-Co terminated Keen and discriminated against him based upon Sit-Co's regard of Keen as being disabled with multiple sclerosis.  Finally, Sit-Co terminated Keen and discriminated against him based upon Sit-Co's knowledge and records of Keen's multiple sclerosis condition.

29.    Sit-Co terminated Keen rather than engage with him in the interactive communication process required under the ADA.

30.    Sit-Co discriminated against and terminated Keen for having engaged in protected

activity, to wit, making known his disabilities, and need to avail himself of certain very
reasonable accommodations, including the wearing of sunglasses to aid with light sensitivity
problems caused by his multiple sclerosis.

31.     Prior to his termination from employment, Keen performed his job duties well
and met Sit-Co's reasonable expectations.

32.     Keen's disability improperly motivated Sit-Co's decision to discharge him from
employment.  Such wrongful actions on the part of Sit-Co violate Title I of the Americans With
Disabilities Act, 42 U.S.C. § 12101 et seq, as amended by the Civil Rights Act of 1991, 42
U.S.C. § 1981a and the Americans With Disabilities Amendments Act of 2008.

33.     Sit-Co failed and refused to make reasonable accommodations to Keen's known
and/or perceived physical limitations, in violation of Title I of the Americans With Disabilities
Act, 42 U.S.C. § 12112(b)(5)(A).  The effect of Sit-Co's conduct has been to deprive Keen of
equal employment opportunities and to deprive him of the same rights as are enjoyed by other
citizens.

34.     As a direct and proximate result of Sit-Co's conduct, Keen has sustained
substantial economic losses, including past and future wage losses, and other economic benefits.
Keen has also sustained the loss of financial stability, peace of mind and future security, and has
suffered embarrassment, humiliation, career damage, mental and emotional distress, discomfort,
and loss of enjoyment of life, all to his detriment and damage in amounts not fully ascertained.
Keen is seeking all available compensatory damages against Sit-Co for its violations of the
ADA.  Further, as described herein above, Sit-Co acted oppressively, maliciously, fraudulently
and outrageously toward Keen, with conscious disregard for Keen's known rights and with the

intention of causing unjust and cruel hardship to Keen.  In acting in a deliberate and intentional manner, Sit-Co intended to and did injure and annoy Keen.  Keen is seeking punitive damages against Sit-Co for its violations of the ADA.

35.    As a result of Sit-Co's discriminatory practices, Keen has found it necessary to retain the services of an attorney and is therefore entitled to his reasonable attorney's fees, costs and expenses in this matter.

### B.  CLAIM UNDER THE INDIANA WAGE CLAIMS STATUTE

36.    Keen incorporates herein by reference paragraphs 1 - 35 above.

37.    Sit-Co's failure to pay Keen his full wages, including the wages it illegally deducted from Keen's final two pay checks for costs insurance benefits that no longer existed and Sit-Co had already canceled, resulted in failure to pay Keen his wages 1) on time and 2) in full.  Moreover, the deductions and the failure to pay wages in full were acts of bad faith.  Keen is certainly entitled to payment of all of his earned wages, liquidated damages for the late paid wages, and liquidated damages for the unpaid wages.  Keen's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

38.    By way of this Complaint, Keen is seeking all available damages, including all unpaid wages caused by illegal wage deductions, an additional amount equal to two (2) times his unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law.

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matthew R. Keen respectfully requests that the Court enter judgment in his favor against joint employer Defendants Sit-Co, LLC and Gigahome, Inc., and

award to him all available damages, including, but not limited to, the following:

1.    All damages available under the ADA, including all back pay and benefits, all available compensatory and punitive damages, front pay and benefits, and payment of all reasonable attorney's fees, costs and expenses;

2.    All damages available under the Indiana Wage Claims Statute, including all unpaid and illegally deducted wages, liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3.    Costs;

4.    Pre-judgment interest, if available; and

5.    Any and all other relief just and proper in the premises.

Respectfully Submitted,

HUNT, HASSLER KONDRAS & MILLER LLP
100 Cherry St.
Terre Haute, Indiana 47807
(812) 232-9691


By/s/Robert P. Kondras, Jr.
    Robert P. Kondras, Jr.
    Attorney No. 18038-84
    Attorney for Plaintiff
    kondras@huntlawfirm.net


### *REQUEST FOR TRIAL BY JURY*

Comes now the Plaintiff Matthew R. Keen, by counsel, and requests a trial by jury on all issues which may be tried to a jury.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP


By   /s/Robert P. Kondras, Jr.
       Robert P. Kondras, Jr.
       Attorney No. 18038-84
       100 Cherry Street
       Terre Haute, IN 47807
       (812) 232-9691
       Facsimile: (812) 234-2881
       kondras@huntlawfirm.net